LeRoy Northrup v. Lela Northrup.

[No. 372A152. Filed December 14, 1972.]

*George Krstovich,* of Gary, for appellant.

*Theodore Puchowski,* of Hammond, for appellee.

HOFFMAN, C.J.—This is an appeal by defendant-appellant from a judgment for plaintiff-appellee in an action for absolute divorce. The judgment of the trial court awarded appellee an absolute divorce; the real estate owned as tenants by the entirety, subject to a mortgage as of April 9, 1971, in the sum of $7,393.50, together with all of the household goods and furnishings therein; and title to the 1968 Buick automobile in possession of appellee. Appellant was ordered to pay appellee the sum of $2,850 representing arrearages in support payments; and was further ordered to pay appellee's attorney the additional sum of $500 as attorney's fees; and to hold appellee harmless on any outstanding indebtedness other than the mortgage on the residence.

Appellant argues that 1) the trial court abused its discretion in its division of the property of the parties; 2) the property settlement was excessive; 3) the judgment is contrary to law in that the trial court abused its discretion in its division of the property; 4) the award of $2,850 as support arrearages was not supported by sufficient evidence; and, 5) the award of $500 additional attorney's fees was not supported by sufficient evidence.

Inasmuch as the first three allegations of error concern the same basic issue they will be dealt with together. At

the basis of appellant's argument appears the assumption that a financial report prepared by an accountant conclusively established the appellant's net worth and that it should have become the cornerstone of the property settlement. A careful review of the record indicates that the net worth of the appellant was in controversy and that there was substantial evidence offered in contradiction to the accountant's report. This then becomes a question of fact which is to be determined by the trial court. This court has stated repeatedly that we will not weigh the evidence on appeal and will only view the evidence most favorable to the appellee. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N.E.2d 669.

Even if the net worth of the appellant had been conclusively established, it would not become the sole criterion upon which to base a division of the property between the parties. See: *Bahre* v. *Bahre* (1962), 133 Ind. App. 567, 571, 181 N.E.2d 639, 641 (transfer denied), which stated that the following factors may be investigated and considered in determining the amount of alimony in a particular case: 1) the existing property rights of the parties; 2) the amount of property owned and held by the husband and the source from which it came; 3) the financial condition and income of the parties and the ability of the husband to earn money; 4) whether or not the wife, by her industry and economy, has contributed to the accumulation of the husband's property; and 5) the separate estate of the wife.

The record before us indicates that most of the property was held jointly, that appellant's accountant estimated appellant's tax liability to be approximately $8,000 for 1970, which would indicate that he still had substantial ability to earn income, and that the accumulation of property was achieved through the joint efforts of the parties working in the construction industry for over 20 years.

The question of whether there has been an abuse of discretion must be apparent upon the face of the record. *Draime*

v. *Draime* (1961), 132 Ind. App. 99, 104, 173 N.E.2d 70 (transfer denied) ; *Dragoo* v. *Dragoo* (1962), 133 Ind. App. 394, 182 N.E.2d 434. In the instant case, the above facts, together with the remainder of the evidence contained in the record before us, show no abuse of discretion.

Appellant further contends that there is a lack of substantial evidence to support the award of $2,850 for arrearages in support payments. We agree with appellant. Although appellee has not made reference to a specific part of the record to support the trial court's decision, a search of the record before us reveals the following: 1) appellant agreed and stipulated to the court temporary orders requiring payment of $100 per week for support and maintenance; 2) appellee testified, on cross-examination, that for the first five weeks she received $50 to $75, and then started to receive $100 per week; and 3) appellant testified that he had not made support payments for seven weeks.

Appellee states in her brief that the amount of arrearage was stipulated to during the final argument. The record before us does not contain the final arguments and, therefore, if a more complete record would have disclosed such facts, the appellee should have exercised her right to petition for a writ of certiorari and should have brought such omitted proceedings into the record. *Northern Ind. Land Co.* v. *Carlin* (1920), 189 Ind. 324, 127 N.E. 197. Therefore, if we assume that appellee received for the first five weeks only one payment of $75 and the remainder were only $50, this would indicate an arrearage of $225. Added to the admitted delinquency of $700, this yields a total of $925. From the record before us, the evidence most favorable to the appellee would permit a finding at best that appellant was only $925 in arrears.

Finally, appellant contends that there is no evidence to support the award of $500 in additional attorney's fees. While we can find no evidence in the record before us in support of such award, the law is well settled that in a divorce action the trial court may take judicial

notice of what a reasonable attorney's fee would be. The award of the trial court as to attorneys' fee will be disturbed on appeal only where a clear abuse of discretion is shown. *McDaniel* v. *McDaniel* (1964), 245 Ind. 551, 562, 201 N.E.2d 215; *Dunn* v. *Deitschel* (1930), 204 Ind. 269, 169 N.E. 529; *Hardiman* v. *Hardiman* (1972), 152 Ind. App. 675, 284 N.E.2d 820; *Mathews* v. *Mathews* (1972), 151 Ind. App. 70, 278 N.E. 2d 325; *Stigall* v. *Stigall* (1972), 151 Ind. App. 26, 277 N.E.2d 802.

We find no abuse of discretion in the trial court's award of $500 additional attorney's fees. The judgment of the trial court is affirmed in part and reversed in part, and this cause is remanded to the trial court with instructions to amend its judgment as to the amount of arrearage to conform to this opinion.

Sharp and Staton, JJ., concur.

NOTE.—Reported at 290 N.E.2d 501.