ALVA COX *v.* SARAH F. COX.

[No. 1-1074A145. Filed February 10, 1975. Rehearing denied March 27, 1975. Transfer denied November 5, 1975.]

*Minor & Fields,* of Evansville, for appellant.

*James D. Lopp, Sr., James D. Lopp, Jr.,* of Evansville, for appellee.

LOWDERMILK, J.—The parties to this action were married after a whirlwind courtship and the petitioner Sarah F. Cox, appellee herein, left her home in Olney, Illinois and went to Oregon to marry the appellant, Alva Cox.

Sarah was 59 years of age and Alva was 68 years of age when the parties were married on May 13, 1969. Sarah had been married three times before and was the mother of eight children, while Alva had been married four times before and had one child.

The parties hereto resided in Oregon for some time and moved back to Olney, Illinois and spent a winter in Florida and also some time in Mexico and were residing at Petersburg, Indiana when Sarah brought the action for the dissolution of the marriage on February 1, 1974.

After trial of the cause, the court decreed a dissolution of the marriage and set the real estate owned in Indiana off to Alva, subject to the lien of the alimony judgment to Sarah and awarded Sarah $22,000 alimony and her attorney a fee of $2,000 in addition to the original preliminary fee of $250 which Alva had paid.

Three issues are raised in this appeal, namely: (1) that the finding of the court in awarding Sarah F. Cox an alimony judgment in the amount of $22,000 is excessive; (2) that the

finding of the court in awarding Sarah F. Cox an alimony judgment in the amount of $22,000 is not supported by sufficient evidence, and (3) the allowance of $2,000 attorney's fee for plaintiff's attorney is excessive. Issues one and two will be grouped and treated herein as one pursuant to Rule AP. 8.3(A)(7).

The evidence showed that at the time of the marriage to Sarah, Alva was worth in contracts, cash and personal property the sum of $135,802.52 and at trial time was worth $134,868. Sarah, at the time of the marriage, owned a house in Olney, Illinois, worth $2,500 and another house which she sold for $5,500 and on which Alva paid off a $1,300 indebtedness.

Alva and a former wife moved from Illinois to Oregon where he and his then wife sold a trailer park for $75,000 of which the purchaser paid down $50,000 and $700 was to be paid per month to each of the said parties on the contract of purchase.

Alva, then in Florence, Oregon, purchased in 1965 for $32,000, land on which he developed a trailer park, selling it in 1971 for $80,000 on a conditional sales contract with a $20,000 down payment and the balance of $60,000 to be paid in payments. This contract was still in existence at the time of the trial of this cause. Subsequent to this sale Alva and Sarah moved to Petersburg, Indiana, where Alva purchased a trailer court for $23,000 and on which he spent $20,000, making his total investment $43,000.

Alva contends that Sarah did nothing to enhance the property in its value either in Oregon or at Petersburg, Indiana, and had no cash investment and therefore her award of alimony was excessive. The record discloses a serious conflict in the evidence on this point as there is an abundance of evidence in the record that Sarah, while in Oregon, did the work of a man in repairing and remodeling buildings on the trailer court as well as in construction of new buildings, helping to lay tile, digging ditches and building roads. She also

testified that as to the Petersburg, Indiana trailer park she did the same kind of work and as much or more than in Oregon. She maintains that when the Petersburg property was purchased there were six trailer spaces that were usable and at the time she left there were 38 spaces usable.

Sarah also testified that when they wintered in Florida they received $100 per week income for taking care of a trailer court, plus a trailer furnished which was for their joint services.

It goes without saying that there is a conflict in the evidence. Therefore, this court cannot and will not disturb the ruling of the trial court as it is axiomatic that this court cannot substitute its opinion for that of the trial court by weighing the evidence and will consider only the evidence most favorable to the appellee.

In *Bahre* v. *Bahre* (1962), 133 Ind. App. 567, 181 N.E.2d 639, this court said:

"It is a well settled rule that the question of the amount of alimony to be decreed in any case is a matter of judicial discretion within the province of the trial court. This court will not interfere with the exercise of that discretion unless it is apparent that the discretion has been abused."

*Bahre, supra,* in discussing the rules for the guidance of the court in awarding alimony did say that the following factors must be investigated and considered, namely: "(1) the existing property rights of the parties, * * * (2) the amount of property owned and held by the husband and the source from which it came, * * * (3) the financial condition and income of the parties and the ability of the husband to earn money, * * * (4) *whether or not the wife by her industry and economy contributed to the accumulation of the husband's property,* * * * (5) *the separate estate of the wife,* * * *." (Our emphasis.)

It is only the abuse of the power of discretion which is reviewable on appeal and the presumption in favor of the

correct action of the trial court is one of the strongest presumptions applicable to the consideration of a case on appeal. *Shula* v. *Shula* (1956), 235 Ind. 210, 132 N.E.2d 612.

Evidence was presented to the trial court as to the amount of work done by Sarah in making capital improvements on the property in Oregon and in Petersburg, Indiana, also her work in the trailer court in Florida, as well as doing her regular duties as a housewife in addition thereto during all of said time. There was evidence her home and other property had been sold and she had lost her social security income all following her marriage to Alva.

We are of the opinion that there was sufficient evidence upon which the court made the award of alimony of $22,000 to Sarah and that the trial court did not abuse its discretion in making such an alimony award.

The next issue is: Did the court abuse its discretion in awarding Sarah's attorney $2,000 attorney's fees when there was no evidence heard on the same.

This court in the case of *Hibbard* v. *Hibbard* (1974), 161 Ind. App. 422, 315 N.E.2d 731 in quoting from *Northrup* v. *Northrup* (1972), 154 Ind. App. 469, 290 N.E.2d 501, 504, said:

". . . While we can find no evidence in the record before us in support of such award, the law is well settled that in a divorce action the trial court may take judicial notice of what a reasonable attorney's fee would be. The award of the trial court as to attorney's fees will be disturbed on appeal only where a clear abuse of discretion is shown. *McDaniel* v. *McDaniel* (1964), 245 Ind. 551, 562, 261 N.E. 2d 215 * * *." (Other cases cited omitted.)

We find no abuse of discretion in the court's award of a $2,000 additional attorney's fee.

Finding no reversible error, the judgment of the trial court is hereby affirmed.

Robertson, C.J. and Lybrook, J. concur.