THRESA W. TEMPLE *v.* BILL L. TEMPLE.

[No. 1-1074A162. Filed May 19, 1975. Rehearing denied June 18, 1975. Transfer denied December 5, 1975.]

*Ronald R. Fifer, Stephen W. Voelker, Fifer, Vogt, Hoodenpyl & Lanum,* of Jeffersonville, for appellant.

*Robert R. Riggle,* of Jeffersonville, for appellee.

LOWDERMILK, J.—Appellant-respondent (Wife) and appellee-petitioner (Husband) were duly married in 1958 while the Husband was in military service at Fort Knox, Kentucky. Two sons were born to this union and are now in the cus-

tody of the Wife. The parties separated on August 30, 1973, which separation terminated in a dissolution of marriage.

At the time the parties were married, in 1958, and prior thereto, the Husband was in the military service and the Wife worked in a civil service position at Fort Knox until 1959 and has not been employed since that time. The Wife at the time of the marriage was and is now afflicted with grand mal epilepsy, which fact was known to the Husband at the time of the marriage.

The Wife still suffers from grand mal epilepsy, although the disease is stabilized and controlled by medication. She has had no seizures in the past two years. It is necessary that she take four different drugs daily, including the maximum dosage of two different anti-convulsives.

A doctor testified by deposition that the anti-epileptic (anti-convulsive) drugs render the Wife totally unemployable. The drugs cause her to be lethargic and uncoordinated; simple motor tasks are often difficult. With the aid of stimulants the Wife is able to function in the home, such as clean house, made beds, do dishes, prepare food, et cetera. She also drives a car and is otherwise physically fit.

The Husband testified that throughout the marriage the Wife had been able to watch and care for the children and maintain the household. He further testified that, in his opinion, the Wife "would be better off if she worked."

The parties hereto owned their home, which was furnished, on which home there was a mortgage. The Husband runs a commercial security patrol business. He also is a majority stockholder in a burglary alarm sales and service corporation. He testified he earned $100.00 per week and his wife claimed he earned $1,500.00 per month.

The cause was submitted to the court on Husband's petition and the answer and cross petition for dissolution of the Wife.

The marriage was dissolved July 18, 1974, and the court awarded to the Wife custody of the two minor childern; $50.00 per week child support; the residence, subject to all encum-

brances; a 1970 Ford, free from all encumbrances, and all furnishings and household goods with the exception of certain property used in the Husband's business.

The Husband received visitation rights to the children and was awarded all interest in the business heretofore named.

The only issue presented by the motion to correct errors and preserved for review here is that the decree is not supported by sufficient evidence or is contrary to the evidence in that the evidence as to the earning ability of the Wife being materially affected by the drug dosage required to control grand mal epilepsy was without conflict and was contray to law. And, further, the trial court abused its discretion in denying Wife's claim for maintenance because of physical incapacity by choosing to ignore uncontroverted medical testimony.

Wife contends that the uncontroverted medical testimony established her earning ability was materially affected, which entitled her to maintenance. That the evidence was without conflict and could lead to only one conclusion and the trial court reached a contrary conclusion and therefore the decision should be set aside as a a matter of law.

To this Husband replied that the Wife had no inherent right to maintenance and the award rests within the sound discretion of the trial court, based upon all the evidence.

The Husband further urged that the same factors that are considered in an alimony award should be considered in an award of maintenance. That the Wife failed to introduce proof of essential factors, such as his income status, future earning ability, and net worth.

The Husband testified regarding the Wife's physical condition and her employment potential, which conflicted with the doctor's testimony, and which Husband's evidence, he contends, is entitled to equal weight with that of the doctor. The Wife's doctor concluded that the Wife was unfit for any employment.

The law is well established that the evidence of an expert witness is to be received by the court or jury trying the cause

under the same rules and in the same manner that evidence of other witnesses is received and shall be weighed by the trier of the facts the same as other evidence is weighed. The trier of the facts is not bound by an expert's opinion.

The trial court is in position to observe the parties' physical condition and emotional state and to properly weigh their testimony. In this case the evidence was conflicting and it was the court's duty to weigh the evidence and determine the credibility of the witnesses.

In the case of *Dudley Sports Co.* v. *Schmitt* (1972), 151 Ind. App. 217, 279 N.E.2d 266 at 276, this court, in discussing the testimony of experts, said:

". . . The weight to be given expert testimony is for the jury to decide. They are not bound by an expert's opinion and they may even disregard it if they so desire. *White* v. *Crow* (1964), 245 Ind. 276, 198 N.E.2d 222; *Klinger* v. *Caylor* ([148] Ind. App. [508] 1971), 267 N.E.2d 848; *Kavanagh* v. *Butorac* (1966), 140 Ind. App. 139, 221 N.E.2d 824."

Wife bases her contention for maintenance because of her unfortunate malady on IC 1971, 31-1-11.5-9 (Burns Code Ed.) which reads, in pertinent part as follows:

"31-1-11.5-9. Final decree.— (a) . . . (b) . . .

(c) The court may make no provision for maintenance except that when the court finds a spouse to be physically or mentally incapacitated to the extent that the ability of such incapacitated spouse to support himself or herself is materially affected, the court may make provision for the maintenance of said spouse during any such incapacity, subject to further order of the court."

Neither of the parties cited any authority under the above statute and it now appears that none has been enunciated by this court. We determine that the statute calls for an initial factual determination whether a spouse's self-supportive ability is materially affected by physical or mental incapacity. If the spouse's self-supportive ability is materially impaired, the propriety of a maintenance award

and the amount thereof should then be determined after considering such factors as the financial resources of the party seeking maintenance (including matrimonial property apportioned to her), the standard of living established in the marriage, duration of the marriage, and the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance. Even though the court finds a spouse's supportive ability is materially impaired, a maintenance award is not mandatory.

There appears to be no sound reason why the traditional discretionary power of the trial court should not be exercised when determining whether an award of maintenance is proper under IC 1971, 31-1-11.5-9(c). It is only the abuse of such discretion which is reviewable on appeal and the presumption in favor of the correct action of the trial court is one of the strongest presumptions applicable to the consideration of a case on appeal. *Shula* v. *Shula* (1956), 235 Ind. 210, 132 N.E.2d 612; *Cox* v. *Cox* (1975), 163 Ind. App. 172, 322 N.E.2d 395. An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable and actual deductions to be drawn therefrom. *McFarlan* v. *Fowler Bank City Trust Company* (1938), 214 Ind. 10, 12 N.E.2d 752; *Zagajewski* v. *Zagajewski* (1974), 161 Ind. App. 98, 314 N.E.2d 843.

In our opinion the trial court's decision that the Wife is not entitled to maintenance has not been shown to be clearly illogical or against the effect of the facts and circumstances and neither has it been shown that the decision of the court was contrary to law.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 328 N.E.2d 227.