VIVIAN J. CASTOR *v.* WORTH H. CASTOR.

[No. 2-675A142. Filed August 28, 1975.]

*David E. McClure, McClure & McClure,* of Indianapolis, for appellant.

*George M. Ober,* of Indianapolis, *Melvin Richards, Castor, Richards & Adams,* of Noblesville, for appellee.

SULLIVAN, P.J.—On February 28, 1975, Vivian J. Castor (Wife) filed a petition for dissolution of marriage pursuant to Ind. Ann. Stat. § 31-1-11.5-4 (Burns Code Ed., 1974) against respondent Worth H. Castor (Husband). Wife then petitioned the court for temporary "support" in the amount of $177.00 per week and preliminary attorney's fees under Ind. Ann. Stat. §§ 31-1-11.5-7 and 31-1-11.5-16 (Burns Code Ed., 1974 Supp.). The trial court held a hearing on May 8, 1975, to consider the matters presented by Wife's petition. At the conclusion of that hearing, the court made the following findings and issued the following order:

> "Court further finds that based on the case law in the State of Indiana and based on the fact that it was shown that the petitioner has in excess of $11,000 of personal assets, she is not entitled to any suit monies or attorney fees whatsoever. However, the respondent is ordered to pay to the petitioner's

attorney the sum of Two Hundred Fifty Dollars ($250.00) within thirty (30) days for expenses. Court further finds that the respondent should be ordered to pay the sum of Seventy-five dollars ($75.00) per week for a period of eight (8) weeks for support, and that thereafter, the support order will stop. That further, after that time the restraining order as to the petitioner's assets is removed and dissolved. Further, the respondent is ordered to pay the electric bill, trash bill, and keep in full force and effect a certain medical insurance policy, to-wit: Blue Cross-Blue Shield. The petitioner will bear all other normal expenses which she incurs. The above is therefore considered, ordered, adjudged and decreed this 8th day of May, 1975."

Being dissatisfied with the trial court's findings and order, Wife appeals.

I

## JURISDICTION EXISTS IN APPEAL FROM INTERLOCUTORY ORDER FOR MAINTENANCE AND ATTORNEY FEES

The parties correctly assume that jurisdiction lies in this court to review the temporary order in question. The statutory provisions here considered, for temporary maintenance (denominated in the order as "support"), for "suit money", and for attorney fees are more detailed and specific than in their generalized predecessor, Ind. Ann. Stat. § 31-1-12-11 (Burns Code Ed. 1973). The new provisions, however, like the old, concern the "payment of money" and are therefore appealable interlocutory orders pursuant to Ind. Rules of Procedure, AP. 4(B)(1). *See Bell* v. *Wabash Valley Trust Co.* (1973), 156 Ind. App. 476, 297 N.E.2d 924 citing *Haag* v. *Haag* (1959), 240 Ind. 291, 163 N.E.2d 243.

Wife seeks reversal of the interlocutory order upon the following assertions of error:

1. Exclusion of evidence of work performed by Wife's attorney prior to filing the petition for dissolution.
2. Exclusion of evidence as to time spent by Wife's attorney in discussion with her concerning Husband's assets.
3. Exclusion of evidence of Husband's assets and income.

4. Contrariness of the trial court's findings and order to law and to the evidence.

## II

## EXCLUSION OF TESTIMONY CONCERNING SPECIFIC SERVICES RENDERED BY ATTORNEY NOT REVERSIBLE ERROR

For convenience, we consider together the alleged errors concerning exclusion of evidence pertaining to Wife's attorney's preliminary fees. We hold that the trial court did not err in excluding Wife's attorney's testimony relating to time spent by him prior to filing the original petition for dissolution and in discussion with Wife of Husband's assets.

Our review of a trial court's determination of the amount, if any, of preliminary attorney's fees and costs to be awarded one party in a dissolution proceeding is limited to a search for abuse of discretion. *See, e.g., McDaniel v. McDaniel* (1964), 245 Ind. 551, 201 N.E.2d 215; *Cox v. Cox* (1975), 163 Ind. App. 172, 322 N.E.2d 395; *DeLong v. DeLong* (1974), 161 Ind. App. 275, 315 N.E.2d 412; *Northrup v. Northrup* (1972), 154 Ind. App. 469, 290 N.E.2d 501. While the cited cases were decided under the prior statute authorizing attorney's fees *pendente lite,* the permissive language employed in the current statute compels the same review:

> "31-1-11.5-16. Costs—Attorney's fees.—The court from time to time *may* order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter [31-1-11.5-1—31-1-11.5-24] and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceedings or after entry of judgment. The court *may* order the amount to be paid directly to the attorney, who may enforce the order in his name. [IC 1971, 31-1-11.5-16, as added by Acts 1973, P.L. 297, § 1, p. 1585.]" (Burns Code Ed., 1974 Supp.) (Emphasis supplied).

While § 31-1-11.5-16 contemplates a more orderly and chronological consideration by a court of all completed legal services rendered as of the time of the particular interlocutory hearing,

we are unable to say as a matter of law that such unchronological consideration as here indicated constitutes an abuse of discretion.

It is not uncommon or improper for a trial court by local practice to award attorney fees *pendente lite* or preliminary which are partial fees only. We cannot say that it is an abuse of discretion for such preliminary fees to be more or less standardized and unrelated directly to a specific and accurate assessment of the hours spent or to the nature of each service rendered by counsel.

Exclusion, at the interlocutory stage, of evidence of certain services performed and time spent by counsel relating to the divorce proceeding in general and to matters concerning final settlement of property is not tantamount to a denial to the attorney of compensation for those services nor a denial of reimbursement to a wife for payments to her attorney.

We recognize that preliminary or interlocutory fees awarded may not compensate for all time and services rendered to that time but such services as are not compensated by the preliminary fee award are recoverable through a subsequent order or through the final decree. Such final decree may consider *all* legal services rendered during the course of the proceeding, place a value upon such services as are to be paid for by the opposing party, and may award a fee reduced by the amount of any preliminary fee awards assessed and paid. The trial court's exclusion of Wife's attorney's testimony at this preliminary stage was not error. *Compare Hardiman* v. *Hardiman* (1972), 152 Ind. App. 675, 284 N.E.2d 820.

III

EXCLUSION OF EVIDENCE OF HUSBAND'S ASSETS AND INCOME NOT PREJUDICIAL TO WIFE

Wife next alleges that the exclusion of evidence concerning Husband's income and assets was error. She asserts that the fact she was granted $75.00 per week temporary mainte-

nance, rather than the $177.00 she sought, is proof that the error in fact prejudiced her. We hold that, under the circumstances of this case, any error which may have occurred in the exclusion of evidence respecting Husband's assets did not prejudice Wife and therefore does not require reversal.

Wife correctly directs us to cases involving support *pendente lite* wherein it has been stated that "[t]he ability of the husband to pay should also be made to appear." *Snider* v. *Snider* (1913), 179 Ind. 583, 588, 102 N.E. 32; *Rooney* v. *Rooney* (1952), 231 Ind. 443, 445, 109 N.E.2d 93 (quoting *Snider*). While here the trial judge did refuse to hear testimony as to Husband's earnings, in so doing he stated that:

"She's testified to $177 a week; hasn't she?
MR. McCLURE: That is correct.
THE COURT: Mr. Castor has been paying $60 a week . . . he makes a sufficient income whether he makes 30, 50, 70, 100, 150 thousand dollars a year to pay her a reasonable amount of support.

\* \* \*

THE COURT: I'm not going to prejudice you in any way by not going into that because I'm going to assume whatever I order whether it's $177 a week, $200 or $250—he's got sufficient income to pay it. I know that he's a successful lawyer and I'm not going to sit here and listen to how much he makes. Make your record."

Thus, here, any error resulting from the factual assumption of Husband's ability to pay without presentation of evidence was to the prejudice of Husband rather than to Wife since the trial court concluded that Husband had ability to pay even *more* maintenance than Wife had demanded. The error, if any, is not, therefore, cause for reversal.

## IV

### FINDINGS AND ORDER NOT CONTRARY TO LAW

Wife's final assertion of error is that the findings and order of the trial court are contrary to law. Specifically, she contends that the trial court erred in finding and ordering that:

(A) Wife was entitled to no attorney's fees *pendente lite,* save $250.00 "for expenses" to be paid directly to her attorney by Husband;

(B) Wife was entitled to only $75.00 per week support *pendente lite* rather than the $177.00 she had sought;

(C) Wife should be restrained from disposing of any property during the eight week period;

(D) Wife's temporary support should continue for only eight weeks after entry of the order.

## (A) AWARD TO ATTORNEY FOR "EXPENSES" ONLY, NOT ERROR

We have already noted that our review of the determination of attorney's fees *pendente lite* is extremely limited in that we may not reverse unless convinced that the trial court has abused its discretion. This court has stated that:

> "In Indiana the husband does not bear an absolute duty to pay the legal fees generated by his wife in a divorce action and as earlier noted the court has discretion whether to assess fees against the husband. *State ex rel. DeArmond* v. *Superior Court* (1940), 216 Ind. 641, 25 N.E.2d 642; *Becker* v. *Becker* (1966), 141 Ind. App. 562, 216 N.E.2d 849. It was therefore conceivable that the trial court, in its discretion, could decide that the wife should not be awarded attorney fees and litigation expenses." *Farley* v. *Farley* (1973), [157] Ind. App. [385], 300 N.E.2d 375 at 380.

And that:

> "Similarly, a determination to award the wife attorney fees does not require that the husband bear the full cost of the reasonable value of the services. The circumstances may dictate that the husband be responsible for only a portion of the legal services." *DeLong* v. *Delong, supra,* 315 N.E.2d at 421.

In finding that neither Wife nor her attorney was entitled to an award for preliminary legal fees, the trial court noted that Wife "has in excess of $11,000 of personal assets." Recognition of this fact indicates, at least at the interlocutory stage, consideration of "the economic condition of the parties." *DeLong, supra,* 315 N.E.2d at 421. It appears at first glance a contradiction for the trial court to have relied on the fact of Wife's independent assets as reason to deny her preliminary

attorney fees, yet simultaneously to have restrained her from invading those assets for an eight week period. The trial court likely concluded that the $250.00 "for expenses" to be paid directly to Wife's attorney,[1] together with the $300.00 already paid by Wife to her attorney, would be sufficient to allow her to be effectively represented during the eight week period. Moreover, the court's order contemplates that Wife will bear *"normal* expenses which she incurs" (emphasis supplied). Presumably then, unforeseen emergency legal expenses incurred by Wife during the eight week period might be subject to payment by Husband upon subsequent petition by Wife, or in the alternative might be subject to payment by invasion of Wife's personal assets upon application to the court. While a different trial court might have been more generous to Wife and her attorney, we cannot say that the court's decision here was "clearly against the logic and effect of the circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom," *Shaw* v. *Shaw* (1973), 159 Ind. App. 33, 304 N.E.2d 536, 539, so as to constitute an abuse of discretion.

## (B) TEMPORARY MAINTENANCE AWARD OF $75.00 A WEEK NOT ERROR

Wife asserts that the trial court's decision to award her a mere $75.00 per week temporary support is contrary to her testimony that she needed $177.00 a week. From this contention she reasons that the award of temporary maintenance, when viewed in conjunction with the prohibition against her use of her own assets for eight weeks, is contrary to law because it deprives her of the "necessities of life" assertedly guaranteed her by Ind. Ann. Stat. § 31-1-11.5-7(b) (1) (Burns Code Ed., 1974 Supp.)[2]

---

1. Ind. Ann. Stat. § 31-1-11.5-16 (Burns Code Ed., 1974 Supp.) expressly provides that: "The court may order the amount to be paid directly to the attorney. . . ."

2. § 31-1-11.5-7(b)(1) authorizes issuance of restraining orders: "(1) restraining any person from transferring, encumbering, concealing, or in any way disposing of any property except in the usual course of business or for the necessities of life;"

The determination of temporary maintenance, like the determination of alimony, or child support under former law, is properly committed to the sound discretion of the trial court. *See e.g., Cox v. Cox* (1975), 163 Ind. App. 172, 322 N.E.2d 395; *Terry v. Terry* (1974), 160 Ind. App. 653, 313 N.E.2d 83; *Farley v. Farley, supra;* *Becker v. Becker* (1966), 141 Ind. App. 562, 216 N.E.2d 849; *Bahre v. Bahre* (1962), 133 Ind. App. 567, 181 N.E.2d 639. Our review is limited by two important principles:

> "It is generally conceded that the weight of the evidence and the credibility of the witnesses is for the trial judge to determine. *Caden v. Caden* (1972), [152] Ind. App. [451], 283 N.E.2d 804; *Woodcox v. Woodcox* (1964), 136 Ind. App. 275, 200 N.E.2d 231.
>
> Even if the circumstances would have justified a different conclusion than that reached by the trial court, this court is not warranted in substituting its judgment for that of the trial court. *Buckner v. Buckner* (1958), 128 Ind. App. 654, 152 N.E.2d 97; *Boshonig v. Boshonig* (1971), 148 Ind. App. 496, 267 N.E.2d 555." *Terry v. Terry, supra,* at 87.

We cannot say that the trial court acted illogically in determining that Wife could meet all the "normal expenses" of her existence on $75.00 a week without resort to her personal assets. The record reveals that there are no children by the marriage. Wife admitted that, during the period between the parties' separation in February, 1975 and the May hearing, Husband had paid her $60.00 a week for her personal needs, and had paid Wife's electric and medical insurance bills. While receiving only $60.00 a week from Husband, Wife had not been forced to invade her assets for personal needs or maintenance (though she had paid her attorney his initial $300.00 retainer from these assets), and had in fact managed to *save* $5.00 a week. The record does not indicate that Wife suffered in any significant way during the period between the separation and the hearing. The trial court ordered Husband to continue paying Wife's electric and insurance bills, to begin to pay Wife's trash bill, and to pay Wife $75.00 a week rather than the

$60.00 he had been paying. We cannot say that the trial court abused its discretion by such order.

## (C) RESTRAINING ORDER AS TO WIFE'S ASSETS NOT CAUSE FOR REVERSAL

The decision whether or not to issue restraining orders as to the spouse's property during the divorce proceedings, being an exercise of the court's equitable powers for the protection of both parties while the divorce is pending, *see State ex rel. Shepard* v. *Nichols* (1941), 219 Ind. 89, 36 N.E.2d 931, which affects the property rights of the parties, should be reviewable only for an abuse of judicial discretion. *Cf. Dunbar* v. *Dunbar* (1969), 145 Ind. App. 479, 251 N.E.2d 468.

As we have already stated, it was not unreasonable for the trial court to conclude that Wife could adequately exist on $75.00 per week without resort to her personal assets. Moreover, the trial court's language that Wife was expected to bear only her "normal expenses" mollifies the apparent harshness of the restraining order. As we stated with respect to legal fees and expenses, if an unexpected personal emergency arises before the restraint expires, we feel confident that the trial court's wise discretion would permit Wife recourse to her personal wealth. The trial court did not err in restraining Wife from disposing of her assets for a period of eight weeks.

## (D) LIMITING TEMPORARY MAINTENANCE TO EIGHT WEEKS NOT ERROR

The same policy which commits to the trial court's discretion the decision whether to award any amount of temporary maintenance, and if so how much, and whether a restraining order ought issue, and if so to what property it should apply, also commits to the trial judge's discretion the decisions as to the duration of such temporary maintenance or restraining orders. The permissive language of Ind. Ann. Stat. § 31-1-11.5-7 (Burns Code

Ed. 1974 Supp.), under which such orders may be issued is supportive.

Wife filed her petition for dissolution on February 28, 1975. The cause was eligible for a final determination and settlement even before the preliminary hearing was held.[3] The propriety of the eight week limitation as to Wife's temporary maintenance must be viewed as of the date of the order's entry. We may not presume its extension beyond the eight week period, nor the possibility that it expired other than by its own terms on July 3, 1975; nor may we consider the possibility that final resolution of the issues presented by the dissolution petition may have been delayed beyond the eight week period.

In ordering that both the temporary maintenance and the restraint against Wife's invasion of her personal assets would terminate eight weeks after May 8, the trial court was no doubt reasonably estimating the time within which the dissolution proceeding would be finalized. We are unable to say, from the record before us, that such estimate was unreasonable. The trial court's ability to make such estimate is eminently better than ours. No abuse of discretion is evidenced in this regard, particularly in light of Wife's procedural ability to seek extension of the May 8 order as to temporary maintenance.

The interlocutory order here appealed is affirmed.

Buchanan and White, JJ., concur.

NOTE.—Reported at 333 N.E.2d 124.

---

3. Ind. Ann. Stat. § 31-1-11.5-8 (Burns Code Ed. 1974 Supp.) permits final hearing and disposition 60 days after filing of the petition for dissolution.