**Linda A. YORK, Appellant (Respondent Below),**

v.

**Robert A. YORK, Appellee (Petitioner Below).**

No. 1–484A101.

Court of Appeals of Indiana, First District.

Jan. 16, 1985.
Rehearing Denied Feb. 21, 1985.

Robert J. Bremer, Greencastle, for appellant.

James Harvey Young, Boyd & Young, Greencastle, James E. Mahoney, Indianapolis, for appellee.

ROBERTSON, Justice.

Appellant, Linda A. York (Linda) appeals the decision of the Putnam Circuit Court denying her request for permanent maintenance in the dissolution of her marriage to Robert A. York (Robert).

We affirm.

The parties were married for twenty-three years, from June 19, 1960, until August 9, 1983. Two children were born of the marriage. Robert, who is 15 years old and Nicholas, who is 13 years old. The two children were placed in Mr. York's custody.

Robert is 44 years old and a high school graduate. During the marriage, he worked steadily and is currently employed as an auto dealer sales manager where he receives a salary, $17,500 plus bonus and insurance for a total gross income of between $30,000 to $35,000. Linda is also 44 years old and a high school graduate and has one year of college plus a real estate license. During the first nine years of her marriage, Linda also worked steadily at various clerical and sales jobs. For the past eleven years, she has been occupied in the home as a housewife and mother.

At the time of their final separation, Linda and Robert owned approximately $104,200 in assets. Their liabilities totalled a little over $20,000. The trial court awarded Linda over sixty percent of the marital assets which included the house and car.

Linda has experienced some emotional problems which began in the late 1970's. She has been hospitalized on various occasions for a psychiatric abnormality, *i.e.*, bipolar disorder, compounded by a personality disorder characterized by feelings of inadequacy and dependency. Her condition has been treated by counselling and medication. Her condition first manifested itself in 1977 when she suffered her first major mental breakdown. Since September, 1983, Linda has been steadily employed part-time as a fast-food waitress at an average gross weekly wage of approximately $50.00.

On appeal, Linda's main contention is that the trial court erred in denying her request for maintenance. She claims that she is only capable of maintaining a part-time job performing menial tasks rendering her standard of living at poverty level. According to our statute, a trial court may award maintenance only if it finds a spouse to be so physically or mentally incapacitated that the spouse's ability to support himself or herself is materially affected. *See*, IND.CODE 31–1–11.5–9. The action of the trial court will not be reversed for an abuse of discretion unless there is shown to have been an erroneous conclusion and judgment clearly against the logic of the facts and circumstances and the deductions to be drawn therefrom. *Temple v. Temple*, (1975) 164 Ind.App. 215, 328 N.E.2d 227.

The evidence shows that Linda has had emotional problems, to the point of being hospitalized on various occasions. Her condition has been characterized by frequent mood changes, hyperactivity and impaired judgment. Evidence concerning the extent to which Linda's ability to obtain employment has been affected due to her illness is contradictory.

Recently, Linda has held only part-time jobs earning poverty level income. However, there is evidence by psychiatrist Dr. Gary Bartell that Linda could work at a full-time job depending upon the job and the general circumstances. Moreover, Linda was denied social security benefits because Dr. Bartell stated that she was not disabled. There is also evidence that Linda has performed well at her recent job. It appears that although Linda may not be capable of earning enough money to maintain the same standard of living that she

had prior to the divorce, she is capable of maintaining employment.

Our courts have held that even if it is shown that a spouse's supportive ability is materially impaired, a maintenance award is not mandatory. *Temple v. Temple, supra.* Thus, Linda's claim that she is entitled to maintenance is really a request for us to reweigh the evidence and substitute our judgment for that of the trial court. This we will not do. In light of our standard of review, we have no choice but to find no abuse of discretion and affirm the judgment of the trial court.

Judgment affirmed.

RATLIFF, P.J., and NEAL, J., concur.