## FOR PUBLICATION



FILED
Jan 14 2015, 9:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RUSSELL T. CLARKE, JR.**
Emswiller, Williams, Noland & Clarke, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**JUDY M. TYRRELL**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE: THE MARRIAGE OF<br>ANNE T. GERTISER and KEVIN GERTISER, | ) ) ) | |
| KEVIN GERTISER, | ) ) | |
| Appellant-Respondent, | ) ) | |
| vs. | ) ) | No. 29A02-1401-DR-43 |
| ANNE STOKES (formerly Gertiser), | ) ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Daniel Pfleging, Judge
Cause No. 29D02-0303-DR-200

**January 14, 2015**

**OPINION – FOR PUBLICATION**

**MAY, Judge**

Kevin Gertiser appeals the denial of his petition to terminate the spousal maintenance he pays to his ex-wife, Anne Stokes. Kevin asserts the court abused its discretion by continuing the spousal maintenance and by ordering him to pay Anne's attorney fees. We reverse and remand.

**FACTS AND PROCEDURAL HISTORY**

Kevin and Anne divorced on June 25, 2007. The court ordered Kevin to pay Anne, who is blind, incapacity-based maintenance in the amount of $1,182.50 per month. Anne remarried on December 29, 2012, and Kevin filed a petition to terminate the spousal maintenance because Anne now has the means to support herself.

Kevin's base pay is $156,263.00 per year, approximately $12,000.00 per year more than he made at the time of the divorce. Although he may receive a bonus, it is not guaranteed.

Anne receives Social Security Disability Income of $940.00 per month, from which health insurance is deducted. Occasionally, Anne works as a part-time, temporary salesperson for Senior Expos but has never earned more than $1,200.00 per year. Her husband earns $163,800.00 per year, and they share bank accounts and have financial assets in excess of $600,000.00.

The trial court declined to modify Kevin's spousal maintenance order because Anne's personal earning ability and incapacity had not improved since the divorce; thus, the court concluded, there had not been a significant change of circumstances that would make the original order unreasonable. The court also ordered Kevin to pay $7,000.00 towards Anne's

2

attorney fees.

## DISCUSSION AND DECISION

> When, as here, the trial court issues findings of fact and conclusions of law, we will not set aside the court's findings unless they are clearly erroneous. *In re Marriage of Erwin,* 840 N.E.2d 385, 389 (Ind. Ct. App. 2006). We are to determine whether the evidence supports the findings and the findings support the judgment. *Id.* In reviewing the trial court's findings, we are not to reweigh the evidence or reassess the credibility of witnesses. *Id.* Rather, a trial court's findings of fact will only be found clearly erroneous when the record is without any evidence or reasonable inferences to support them. *Id.*

*Mitchell v. Mitchell,* 875 N.E.2d 320, 322-23 (Ind. Ct. App. 2007), *trans. denied.*

1.      Spousal Maintenance

When determining whether spousal maintenance is necessary, the court should consider: (1) the financial resources of the party seeking maintenance (including marital property apportioned), (2) the standard of living established in the marriage, (3) the duration of the marriage, and (4) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance. *Temple v. Temple*, 164 Ind. App. 215, 219-20, 328 N.E.2d 227, 230 (1975).

Once a maintenance order has been entered, "modification may be made only: (1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." Ind. Code § 31-15-7-3(1). When determining whether a "substantial change in circumstances" has occurred, the trial court should consider the same factors used to determine whether maintenance is necessary. *Banks v. Banks*, 980 N.E.2d 423, 427 (Ind. Ct. App. 2012), *trans. denied*. Because the "spousal maintenance statute focuses on the

receiving spouse's ability to support himself or herself," modification of spousal support based on a change in the receiving spouse's income requires a showing the change in income is "permanent and definite." *Mitchell*, 875 N.E.2d at 324.

Anne argues spousal maintenance is not automatically terminated upon her marriage.[1] We agree. *See Roberts v. Roberts,* 644 N.E.2d 173 (Ind. Ct. App. 1994) (remarriage did not terminate spousal maintenance when the new spouse had no income with which to support person receiving maintenance). Nevertheless, we are left with the question whether Anne's remarriage creates a substantial and continuing change of circumstances such that the terms of the original order have become unreasonable. Ind. Code § 31-15-7-3(1).

Kevin asserts Anne's marriage to a man of significant means amounts to a substantial change in her ability to support herself.[2] Our review of the record leads us to conclude Anne's financial resources have changed substantially. Before her remarriage, Anne had a monthly income of $892.00 from Social Security, and occasional payments totaling less than $1,200.00 per year from a part-time, temporary sales position. Now, through a joint banking account and marriage, she has over $600,000.00 in financial assets. *See Perkins v. Harding*, 836 N.E.2d 295, 299 (Ind. Ct. App. 2005) ("Indiana subscribes to the 'one-pot' theory of

---

[1] Anne's reliance on *Myers v. Myers*, 560 N.E.2d 39 (Ind. 1990), is misplaced as it does not address the issue of marriage but rather the issue of modification during the time the recipient spouse was cohabiting with another.

Anne also argues that a modification of the spousal maintenance could be only a decrease but not a termination as her counsel had been unable to find any case law stating termination of maintenance could occur before the incapacity was eliminated. Ind. Code § 31-15-7-3 refers to modification and revocation. As Kevin noted, revocation is defined to mean "annul, or make void by recalling, taking back, cancel, rescind, repeal, or reverse." (Appellant's Reply Br. at 2 quoting *Black's Law Dictionary* at 1485.) We agree and hold the trial court is allowed to modify spousal maintenance to the extent of termination.

marital possessions." This theory supposes all marital property, whether acquired before or after the date of marriage, is included as an asset of the marriage.).[3] In addition, Anne's husband earns $163,800.00 per year and pays 75% to 80% of the household bills, including taxes, mortgage, insurance, utilities, and car payments.

Although the trial court is correct that Anne's ability to earn income has not changed, the court abused its discretion by denying Kevin's petition to terminate spousal maintenance because it did not consider the substantial income and assets now available to Anne pursuant to her marriage to Paul. Accordingly, the trial court should have terminated the spousal maintenance. Additionally, following the statutes regarding modification of child support, modification may be retroactive to the date of filing the petition. *See* Ind. Code § 31-16-8-1 (states the circumstances wherein such an order may be modified). *See also* Ind. Code § 31-16-16-6(b)(1) (a court may modify an obligor's duty to pay after notice of the petition has been served).[4]

2.    Attorney Fees

Kevin appeals the trial court's order that he pay attorney fees Anne incurred for defending against his petition to terminate spousal maintenance. Anne does not address the attorney fees issue in her brief.

> When the appellee does not address an issue, we need not undertake the
> burden of developing her argument. Instead, we will reverse the trial court's

---

[2] Kevin's assertion that *Bartrom v. Credit Adjustment Bureau*, 618 N.E.2d 1 (Ind. 1993) is inconsistent with *Roberts* is in error as *Bartrom* deals with the doctrine of necessaries and married couples.
[3] This theory presumably would not apply if a prenuptial agreement had been made, but the parties have not indicated there was any such agreement.
[4] Child support and spousal maintenance are governed by the same statutes.

judgment if the appellant demonstrates *prima facie* error. *Prima facie* error in this context is defined as, at first sight, on first appearance, or on the face of it. Where an appellant does not meet this burden, we will affirm.

*Tisdial v. Young*, 925 N.E.2d 783, 784-85 (Ind. Ct. App. 2010) (quotation omitted).

When reviewing an award of attorney fees, we apply an abuse of discretion standard. *Mason v. Mason*, 775 N.E.2d 706, 711 (Ind. Ct. App. 2002), *trans. denied.* A trial court has wide discretion in awarding attorney fees, and we will reverse only if the award is clearly against the logic and effect of the facts and circumstances before the court. *Id.* The trial court may look at the responsibility of the parties in incurring the attorney's fees. *Id.* The trial judge has personal expertise he or she may use when determining reasonable attorney's fees. *Id.*

In awarding attorney fees, "the court may consider such factors as the resources of the parties, the relative earning ability of the parties, and other factors which bear on the reasonableness of the award." *In re Marriage of Bartley*, 712 N.E.2d 537, 546 (Ind. Ct. App. 1999). The trial court ordered the attorney fees "[b]ecause of the wide disparity in the party's incomes." (App. at 16.) As noted above, when including all resources available to Anne, no such disparity exists. Rather, Anne has more resources available to pay attorney fees than does Kevin. Accordingly, the trial court abused its discretion in ordering such fees be paid by Kevin. *See Bartlemay v. Witt,* 892 N.E.2d 219, 232 (Ind. Ct. App. 2008) (attorney fees held to be erroneous when order relied on erroneous factual findings).

The trial court abused its discretion by denying Kevin's petition to terminate spousal maintenance and by ordering him to pay Anne's attorney fees. Accordingly, we reverse and

6

remand so the trial court may terminate the maintenance retroactive to the notification of the petition on Anne or her agent.

Reversed and remanded.

VAIDIK, C.J., and FRIEDLANDER, J., concur.