**Susan L. GRIFFITH, Appellant (Plaintiff Below),**

v.

**Thomas E. WEBB, Appellee (Defendant Below).**

No. 3–983A308.

Court of Appeals of Indiana, Third District.

June 20, 1984.

Rehearing Denied July 25, 1984.

Thomas O. Mulligan, Mulligan & Fenton, Knox, for appellant.

Robert D. Truitt, Lyons & Truitt, Valparaiso, for appellee.

HOFFMAN, Judge.

Amanda L. Griffith was born to Susan L. Griffith on October 18, 1976. Pursuant to an action to establish paternity, Thomas E. Webb was adjudged to be the father of

Amanda on December 8, 1977. Amanda lived with her mother until custody of Amanda was changed to her father on June 15, 1983. In appealing that change in custody, Susan argues that there was insufficient evidence to show a substantial change in circumstances thereby warranting a change in custody.

■ The flaw in Susan's argument is that she bases it upon an inapplicable statutory provision. IND.CODE § 31-1-11.5-22(d) reads:

"(d) The court in determining said child custody, shall make a modification thereof only upon a showing of changed circumstances so substantial and continuing as to make the existing custody order unreasonable...."

This section appears in the chapter of the INDIANA CODE entitled Dissolution of Marriage. Under the INDIANA CODE chapter entitled Paternity, one finds IND. CODE § 31-6-6.1-11(e) which provides:

"(e) The court may modify an order determining custody rights whenever modification would serve the best interests of the child."

Although this Court is unclear as to the logic behind the Legislature's decision to provide differently for custody modifications arising out of paternity actions than those arising out of marriage dissolution actions, it is clear that it was a deliberate effort. The code provision covering modification of visitation orders arising out of paternity actions also uses the best interests of the child standard.[1] However, the section of that chapter which deals with modification of a support order, uses the "substantial change in circumstances" language.[2] While this Court can recommend that the Legislature perhaps examine this discrepancy and the possible constitutional ramifications thereof, it is only within that body's power to make the necessary change.

Since Susan Griffith and Thomas Webb were never married and since the custody issue here arose pursuant to a paternity action, clearly IND.CODE § 31-6-6.1-11(e) is applicable to the present situation. Therefore, the issue is whether the change in custody was in the best interests' of Amanda.

■ The function of an appellate tribunal in an appeal from a custody modification decree is to determine whether the trial court abused its discretion. It is for the trial court to determine, after examining the question in the context of the whole environment, whether a modification would be in the best interests of the child. Upon an affirmative finding by the trial court, this Court's function is merely to determine whether there was substantial probative evidence to support that conclusion. If so, it cannot be said that the trial court abused its discretion. *Cf.: Poret v. Martin*, (1982) Ind., 434 N.E.2d 885.

The evidence presented in this action was somewhat conflicting. As always, it is the duty of the trier of fact, not of this Court, to observe the witnesses and weigh the evidence which is presented. On appeal we must view the evidence in a light most favorable to the judgment. Therefore, we must determine whether there was substantial evidence to support the trial court's finding that a change in custody was in the best interests of Amanda.

■ What exactly constitutes "the best interests of the child"? That phrase is somewhat elusive and requires that each situation be examined fully within the context of the child's entire environment. However, some factors have been considered relevant in making that determination, *e.g.*, the age and sex of the child, the wishes of the child, the wishes of the parents, the interaction of the child with his family, the child's adjustment to his home, school, and community, and the mental and

---

1. IND.CODE § 31-6-6.1-12(b). The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child. ·

2. IND.CODE § 31-6-6.1-13(f). A support order may be modified or revoked upon a showing of a substantial change in circumstances.

physical health of all of the individuals involved.[3]

The evidence in this case demonstrated that both parties wanted custody of Amanda and Amanda exhibited no clear preference. Rather, she was well adjusted to both families including her stepmother and half-brother. There was some indication that Susan was not completely in the best of health. She also had a history of instability, particularly in the area of employment. Whereas, Thomas remained steadily employed and had developed familial ties. Thomas' home was small, but Susan had no home of her own and instead lived with her mother.

██ The situation in this action may have presented a "close call" for the trial court. However, in view of the evidence, we cannot say that the trial court's decision constituted an abuse of discretion. We cannot say that the change in custody was not in the best interests of the child, Amanda. Therefore, the judgment of the trial court is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.

---

3. IND.CODE § 31–1–11.5–21(a).