In re the MARRIAGE OF Mary R. DILLMAN, Appellant (Petitioner Below),

and

Ralph E. Dillman, Appellee (Respondent Below).

No. 4-684A162.

Court of Appeals of Indiana, Fourth District.

May 21, 1985.

D. Eric Neff, Crown Point, for appellant.

John R. Sorbello, Barber & Sorbello, Crown Point, for appellee.

YOUNG, Judge.

Appellant Mary R. Dillman appeals the trial court's refusal to award her maintenance pursuant to the dissolution of her marriage to Ralph E. Dillman. Appellant bases her claim to maintenance on IND. CODE 31–1–11.5–11[1] which provides in part:

(d) A court may make the following findings concerning maintenance:

(1) If the court finds a spouse to be physically or mentally incapacitated to the extent that the ability of such incapacitated spouse to support himself is materially affected, the court *may* find that maintenance for that spouse is necessary during any such incapacity, subject to further order of the court. (emphasis added)

■ Even if a trial court finds that a spouse's incapacity materially affects his or her self-supportive ability, a maintenance award is not mandatory. *Temple v. Temple* (1975), 164 Ind.App. 215, 328 N.E.2d 227.

If the spouse's self-supportive ability is materially impaired, the propriety of a maintenance award and the amount thereof should then be determined after considering such factors as the financial resources of the party seeking maintenance (including matrimonial property apportioned to her), the standard of living established in the marriage, duration of the marriage, and the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance. *Id.* at 219, 328 N.E.2d at 230.

■ The trial court has discretionary power to award maintenance. *Temple, supra.* Our review, as in other cases involving the exercise of discretion, is limited to the question of whether the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *In re Marriage of Sharp* (1982), Ind.App., 430 N.E.2d 417, *quoting Marshall v. Reeves* (1974), 262 Ind. 107, 311 N.E.2d 807, 811. One way to show a trial court acted against the logic and effect of the circumstances is to show the court's misinterpretation of the law. *State v. Town of Wolcott* (1982), Ind.App., 433 N.E.2d 62.

In this case, evidence was presented that Mary Dillman suffers from carotid occlusive disease, angina pectoris, generalized arteriosclerosis and chronic obstructive lung disease. She underwent quadruple bypass surgery in July 1981 and an endarectomy in March 1982. In August 1982 she was hospitalized for treatment of her lung disease and acute asthmatic bronchitis. At the time of the hearing she was taking at least four medications for her various maladies and continued to experience chest pain, dizziness, blackouts and leg and back pain. Her physician stated that her disease is not cured and that she needs continuing medical treatment. He

---

**1.** (Supp.1984). Substantially the same provision was previously encoded at 31–1–11.5–9(c) (1979).

indicated, however, that she could probably perform "certain sedentary jobs," although he would not hire her if other applicants were available.

The trial court denied appellant's request for maintenance with the following explanation:

> I'm going to rule against you, Mrs. Dillman, for the following reason:
>
> I think *the law in Indiana, although it might not be fair to all parties in a situation such as yours,* is pretty clear when applied to this particular case.
>
> I have no doubt in my mind that you have some dizziness and problems with that, and that *you are incapacitated to some extent.* However, the testimony of your own physician, your own specialist, in fact, is that *there are several jobs that you could take,* and the doctor listed several jobs that he thought you would be able to do. I think he listed a receptionist, in response to specific questions by Mr. Sorbello, and several other things....

■ Discretion is a privilege afforded a trial court to act in accord with what is fair and equitable under the facts of each case. *Urbanational Developers, Inc. v. Shamrock Engineering, Inc.* (1978), 175 Ind. App. 416, 372 N.E.2d 742. By his own admission, the trial court in this case reached a result which he believed "might not be fair." Although the trial court found appellant was "incapacitated to some extent," he apparently thought the Indiana maintenance statute precluded him from awarding her maintenance because "there are several jobs" she could perform. This conclusion misconstrues the statute.

■ IC 31–1–11.5–11 calls for a threshold determination that (1) a spouse is physically or mentally incapacitated and (2) the incapacity materially affects the spouse's self-supportive ability.[2] *Farthing v. Farthing* (1978), 178 Ind.App. 336, 382 N.E.2d 941. The words "materially affects" are not specifically defined in the statute. It is clear, however, that the statute does not

require a spouse to be completely bedfast or totally disabled before he or she can successfully claim maintenance. Rather than establishing a minimal percentage of disability, the statute creates a flexible standard which allows a trial court to consider whether *any* incapacity significantly affects a spouse's ability to support himself. The degree of employability is an inextricable factor in this determination. A spouse may suffer an affliction which would only minimally affect the self-supportive ability of a highly skilled person. That same malady, however, may materially affect the self-supportive ability of one who, even without the incapacity, is marginally employable, or only employable in physically demanding jobs.

■ Furthermore, the fact that a spouse is able to perform some job or even that she is currently employed does not necessarily make maintenance inappropriate. In *Farthing, supra,* the former husband sought to modify an order requiring him to pay maintenance. He argued that maintenance should be terminated since his former wife had begun working as a housekeeper despite her "nervous" condition. The trial court reduced rather than terminated maintenance. The second district affirmed, noting that the wife's job did not enable her to support herself totally and she felt unable to find another position. The appellate court concluded that despite the wife's employment, the trial court could have found the wife's condition still materially affected her ability to support herself.

The evidence in this case reveals that at the beginning of her 32 year marriage to the respondent, Mary Dillman worked for a toy corporation. She quit in 1952 when she became pregnant and did not work again until fifteen years later. In 1970 or 1971 she began working in various delicatessens and bakeries where she cooked, cleaned, sliced meats, prepared salads and waited on customers. She also worked in two convalescent homes where she set up and delivered meals to patients. Appellant left each

---

**2.** If maintenance is denied, the absence of these factors need not be specifically set forth. *Mel-* *nik v. Melnik* (1980), Ind.App., 413 N.E.2d 969.

of these positions because of her medical problems and at the time of trial had not worked since 1980.[3] During the year prior to trial her only income was a $172.00 a month social security disability payment.[4]

The trial court concluded that he could not award maintenance because appellant could perform certain sedentary jobs, such as that of a receptionist, a job she had never held before and which differed significantly from her previous positions. We believe the statute requires the trial court to realistically appraise a spouse's employment opportunities, keeping in mind both the type and degree of his incapacity and his present skills and experience. The ability of a middle-aged delicatessen worker with angina, dizziness, chronic lung disease and recurrent fainting spells to support herself as an office receptionist is highly speculative if not unrealistic. This is not to say that maintenance should have been awarded in this case. It is to say that the statute does not *require* a trial court to deny maintenance because a spouse is theoretically able to perform a job she has never before performed. The statute is not so inflexible; the trial court's discretion is not so limited.

In *In Re Osborne* (1977), 174 Ind. App. 599, 369 N.E.2d 653, the third district of this court refused to affirm a child support order where the trial court disregarded evidence of factors listed in the controlling statute. The court reasoned:

> To hold otherwise would not affirm a trial court in the proper exercise of its discretion. It would instead permit the court to *refuse* to exercise the discretion provided by the legislature. *City of Elkhart v. Middleton* (1976) [265] Ind. [514], ˙356 N.E.2d 207, 210–11.

174 Ind.App. at 608, 369 N.E.2d at 658. In this case, the trial court misconstrued the applicable statute to require a result which he believed "might not be fair." In so doing, he not only reached a conclusion against the logic and effect of the circumstances, but also failed to exercise the discretion granted by the legislature. We, therefore, remand to give the trial court an opportunity to exercise his discretion with a clearer understanding of the flexibility and scope of his powers.[5] We, of course, do not imply that any particular result is warranted. Should the trial court determine that appellant's incapacity materially affects her self-supportive ability, he may order maintenance only after first inquiring into Mr. Dillman's financial resources, as well as the other factors suggested in *Temple.*

MILLER, P.J., and CONOVER, J., concurs.

---

3. Appellant indicated that although she had attempted to find a job, "they're not hiring someone my age without experience and someone with [sic] physical condition."

4. Evidence was presented that at the time of trial Ralph Dillman had worked for U.S. Steel Corporation for 34 years and earned $31,000 in 1983 and $38,000 in 1982.

5. On remand, only the maintenance issue is to be relitigated. The dissolution of the marriage, property distribution and award of attorney fees were not challenged in this appeal and are, therefore, not open to reconsideration.