**Adrene BROWN, Appellant (Respondent Below),**

v.

**Melvin BROWN, Appellee (Petitioner Below).**

**No. 45A03–8706–CV–159.**

Court of Appeals of Indiana, Third District.

March 7, 1988.

Karren P. Pulliam–Willis, King & Meyer, Gary, for appellant.

Deborah L. Szczepanski, Cohen & Thiros, Merrillville, for appellee.

STATON, Judge.

Adrene Brown (Adrene) appeals the trial court's judgment dissolving her marriage to Melvin Brown (Melvin). This appeal raises three issues:

1. Whether the trial court's division of marital property is contrary to law by being unjust and unreasonable.

2. Whether the trial court's child support order was an abuse of discretion.

3. Whether the trial court abused its discretion in not awarding attorney fees.

Remanded and affirmed as modified.

Adrene and Melvin were married on March 21, 1974. They were separated on September 27, 1984, and the marriage was dissolved on March 5, 1986. Two children were born during the marriage. Melvin has been employed by Inland Steel for 22 years and earns approximately $34,000.00 per year. Adrene has worked as a Teacher's Aide for ten years and earns approximately $8,000.00 per year.

The trial court entered the following decree:

1. That the Respondent mother is awarded custody of the parties' two (2) minor children with reasonable rights of visitation to the father with twenty-four (24) hour notice to the mother.

2. That the husband is awarded the martial [sic] real estate located at 2380 Chase Street, Gary, Indiana. That the husband shall pay the remaining mortgage balance and shall hold the wife harmless from the payment. That the husband shall pay the sum of Three Thousand Two Hundred Fifty Dollars ($3,250.00) to wife within six (6) months which represents her share of the equity.

3. That the husband shall be awarded the real estate located at 417 Harrison, Gary, Indiana. That the husband shall pay the wife Five Thousand Dollars ($5,000.00) within six

(6) months for her share of the equity and the husband shall be responsible for the entire debt at Inland Steel Credit Union.

4. That the father shall pay all reasonable medical, dental, and optical expenses for the parties' minor children.

5. That the father shall pay the sum of Thirty–Five Dollars ($35.00) per week per child commencing the date of this Order.

6. That the parties shall split fifty percent (50%) to each all money in savings as of March 5, 1986.

7. That the husband shall pay all outstanding debts owed as of March 5, 1986.

8. That each party is awarded all personal property owned by them prior to the marriage. That the husband shall be awarded the master bedroom furniture and wife shall have all other furniture and appliances purchased during the marriage. The husband shall have lawn mower.

9. That the husband shall be awarded the 1976 Oldsmobile and the wife shall be awarded the 1976 Chevrolet Vega.

10. That each party shall be responsible for their own attorney fees.

11. That the husband shall have the children as exemptions to claim for state and federal tax purposes.

(R. 32–33). By a *nunc pro tunc* order, the date of March 5, 1986 in paragraph # 6 was changed to September 27, 1984, the date of the final separation.

## I.

### Property Distribution

Adrene first raises the issue whether the trial court's judgment is just and reasonable pursuant to I.C. 31–1–11.5–11. That statute provides:

(c) The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:

(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in that residence for such periods as the court may deem just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties.

The disposition of assets upon dissolution of marriage lies within the sound discretion of the trial court. On review, we will not reweigh the evidence and will consider only that evidence and reasonable inferences therefrom which are most favorable to the appellee. We will examine the disposition and will reverse the trial court only where the result reached is clearly against the logic and effect of the facts and circumstances before the court. The fact that the evidence might support a different conclusion than that reached by the trial court does not permit us to substitute our judgment. *In re Marriage of Rupp* (1983), Ind.App., 449 N.E.2d 1164, 1166.

Specifically, Adrene alleges the disposition of assets is unjust and unreasonable because the trial court did not consider the value of all property subject to distribution, did not consider the fact that Melvin dissipated assets, did not consider Melvin's pension fund or retirement benefits, and did not consider the 1985 tax refunds.

These specifications of error were not raised in Adrene's motion to correct error. Consequently, they have been waived on appeal.

Adrene also alleges that the disposition is unjust and unreasonable because the trial court did not award the use of the marital home to her, awarded both real estate properties to Melvin without awarding her one-half of the equity interest, and did not include as a marital asset the cash value of Melvin's life insurance policy.

■ Adrene argues that the use of the marital home should have been awarded to her since she was granted custody of the two minor children. The desirability of awarding the marital home to the spouse with custody is just one factor the trial court should consider. *See* I.C. 31–1–11.5–11(c). Melvin brought the home into the marriage, having purchased it during a previous marriage. Further, the evidence suggests that Melvin was financially better able to assume responsibility for the home. Under these circumstances, we cannot conclude the trial court abused its discretion. *See Rupp, supra* at 1167.

■ Adrene also argues that the trial court abused its discretion because she did not receive one-half of the equity in the Chase and Harrison Street properties awarded to Melvin. Adrene is asking us to reweigh the evidence as to the value of and equity in the two pieces of property. This is within the province of he trial court and we may not do so. There is evidence in the record to support the trial court's conclusion that Adrene's share of the equity in the two properties equalled $3,250.00 and $5,000.00, respectively.

■ Adrene next argues that the trial court abused its discretion by failing to include in the marital assets and dividing the cash value of Melvin's life insurance policy. The trial court was presented evidence of the cash value of the life insurance policy but did not specify in the decree how the asset should be disposed. I.C. 31–1–11.5–11 mandates the trial court to divide all the marital property of the spouses in order that all property rights may be put to rest in the decree. *Dean v. Dean* (1982), Ind.App., 439 N.E.2d 1378, 1384. We remand with instruction to the trial court to modify its decree to show the disposition of the cash value of the life insurance policy. We note, however, that there is no requirement that the cash value be divided equally between the parties. It is within the trial court's discretion to whom and how the property is awarded.

## II.

### *Child Support*

■ Adrene next raises the issue whether the trial court abused its discretion in ordering an unreasonably low child support payment. On appeal, Adrene argues different grounds for reversal than she argued in the motion to correct errors, thus she has not preserved any alleged error for our review. We note, though, that the determination of child support is within the sound discretion of the trial court. *Hunter v. Hunter* (1986), Ind.App., 498 N.E.2d 1278, 1283. Adrene has not shown that the trial court did not properly consider the factors listed in I.C. 31–1–11.5–12(a) in reaching its decision on child support. The record does not reveal an abuse of discretion by the trial court.

## III.

### *Attorney Fees*

■ Adrene next raises the issue whether the trial court erred by not awarding her attorney fees. We are hampered in our review of this issue because the page of Appellant's Amended Brief presumably containing this argument is missing from the brief. Further, Melvin has not favored us with a rebuttal to this issue in his brief. While technically the issue has been waived for failure to present cogent argument, we will address it on the merits.

Under I.C. 31–1–11.5–16, the trial court *may* award attorney fees at any stage of the dissolution proceeding. *Barnett v. Barnett* (1983), Ind.App., 447 N.E.2d 1172, 1176 (our emphasis). The statute affords the trial court broad discretion in assessing attorney fees, *Hawblitzel v. Hawblitzel*

(1983), Ind.App., 447 N.E.2d 1156, 1164, but does not mandate the trial court to assess attorney fees in the first instance. There is no abuse of discretion for the trial court to not do that which he is not required to do.

Remanded and affirmed as modified.

HOFFMAN and NEAL, JJ., concur.