Barbara L. RUMP, Appellant
(Respondent Below),

v.

Jon R. RUMP, Appellee
(Petitioner Below).

No. 02A03–8801–CV–00018.

Court of Appeals of Indiana,
Third District.

Aug. 15, 1988.

David Peebles, Sherie L. Hampshire, Fort Wayne, for appellant.

Philip H. Larmore, Beers, Mallers, Backs, Salin & Larmore, Fort Wayne, for appellee.

STATON, Judge.

Barbara Rump appeals the trial court's judgment dissolving her marriage to Jon Rump. She raises three issues. They are:

1. Whether the trial court erred in denying Barbara a maintenance award.
2. Whether the trial court erred in finding that Jon's rights to a certain group annuity life insurance policy had not vested.
3. Whether the trial court erred in refusing to award Barbara attorney's fees.

Affirmed.

### I.

#### Maintenance

IC 1973, 31–1–11.5–1(e)(1) (Burns Code Ed., Supp.1988), provides:

(e) A court may make the following findings concerning maintenance: (1) If the court finds a spouse to be physically or mentally incapacitated to the extent that the ability of the incapacitated spouse to support himself is materially affected, the court may find that maintenance for that spouse is necessary during the period of incapacity, subject to further order of the court.[1]

There was evidence at trial that Barbara suffered many physical ailments and that her condition necessitated that she continue working only two to three days a week. Barbara also presented evidence that she earned $73.50 per week and that her weekly expenses totalled $440.57. Therefore, she sought a maintenance award of $367.07 per week.

The trial court made the following findings of fact regarding Barbara's physical condition: (1) that Barbara suffers from osteoarthritis, peripheral neuropathy, lumbar disc protrusion, hypertension, peptic ulcer and obesity; (2) that one of Barbara's physicians testified that Barbara's neuropathy results in a 15% to 20% permanent partial impairment; and (3) that Barbara was injured in an automobile accident in 1983 and that this accident exacerbated her medical condition.

Barbara contends that given the evidence of her physical incapacity and its affect upon her ability to support herself, it was error for the trial court to deny her a maintenance award.

 The trial court has discretionary power to award maintenance. *In re Marriage of Dillman* (1985), Ind.App., 478 N.E.2d 86, 87. If the spouse's self-supportive ability is materially impaired, the propriety of a maintenance award and the amount thereof should then be determined after considering such factors as the financial resources of the party seeking maintenance (including matrimonial property apportioned to that spouse), the standard of living established in the marriage, the duration of the marriage, and the ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance. *Id.*

 Furthermore, even if a trial court finds that a spouse's incapacity materially affects his or her self-supportive ability, a maintenance award is not mandatory. *Id.* at 87. *See also Coster v. Coster* (1983), Ind.App., 452 N.E.2d 397, 403.

 Barbara has not shown how the trial court abused its discretion in denying her a maintenance award. After reviewing the record and the court's findings and judgment, we cannot conclude that the court did indeed abuse its discretion. In fact, it is apparent from the record that the court took into consideration not only Barbara's physical condition and her alleged inability to work full-time, but also considered the factors set forth in *Dillman, supra.* A large factor in the court's determination seems to be that Barbara was awarded a majority of the marital estate. Too, she was a plaintiff in a pending civil action for damages relating to her 1983 accident.[2]

Barbara disputes the trial court's findings that her physical condition is made

1. *See also* IC 1973, 31–1–11.5–9(c) (Burns Code Ed., 1987 Repl.), which states:

The court may order maintenance in final decrees entered under subsections (a) and (b) af- ter making the findings required under section 11(e) [31–1–11.5–11(e)] of this chapter.

2. See Findings of Fact Numbers 11 through 19, Record at 211–212.

worse by her obesity and that there was no showing that she had explored potential employment more compatible with her physical condition. However, Barbara is, in effect, asking us to reweigh the evidence. This we cannot do.

## II.

### *Annuity*

Finding of Fact No. 9 states, in pertinent part:

"... Petitioner (Jon) was a member of the Metropolitan Life Insurance Company Group Annuity, contract # 50RP, which had not vested on February 12, 1986 (date of separation). Therefore, the assets are not valued for purposes of the marital estate." [3]

■ Barbara contends that this finding is not based on any evidence in the record and is, therefore, in error. She claims the annuity is indeed vested and asks us to remand with instructions for the trial court to reconsider its property division in that light.

However, there is evidence in the record which supports the trial court's finding. *Barbara's* Exhibit A (Record at 242) states as follows on page 3:

"... *Metropolitan Life Insurance Co.*
(a) Group Annuity Contract
# 50RP
Monthly Annuity Payment $209.12
Not payable to Husband till age
65 (6/1/99); therefore, N/A ..."

■ Clearly, Barbara did not enter into the dissolution proceeding claiming an interest in the annuity. The reference to the contract in Barbara's exhibit A was the *only* evidence regarding the contract

presented by either party at trial. Any party who fails to introduce evidence as to the specific value of the marital property at the dissolution hearing is estopped from appealing the distribution—based on the absence of evidence—on the ground that the trial court abused its discretion. *In re Marriage of Church* (1981), Ind.App., 424 N.E.2d 1078, 1081, *trans. denied; Showley v. Showley* (1983), Ind.App., 454 N.E.2d 1230, 1231.

## III.

### *Attorney's Fees*

Barbara contends the trial court erred by refusing to award her attorney's fees. Under IC 1973, 31–1–11.5–16 (Burns Code Ed., 1987 Repl.), the trial court *may* award attorney's fees at any stage of the dissolution proceeding. *Brown v. Brown* (1988), Ind.App., 519 N.E.2d 1259, 1262. (Emphasis in original.)

■ The statute affords the trial court broad discretion in assessing attorney's fees but does not mandate the trial court to assess attorney's fees in the first instance. *Id.* at 1262–63. There is no abuse of discretion for the trial court to not do that which it is not required to do. *Id.*

Affirmed.

CONOVER, P.J., and HOFFMAN, J., concur.

---

3. The trial court awarded Jon all interest in the group annuity contract as part of the property settlement. Record at 213.