**In re the Matter of Megan Renee GRISSOM.**

**Tina EASON, Appellant,**

v.

**Danny GRISSOM, Appellee.**

**No. 77S01–9203–CV–159.**

Supreme Court of Indiana.

March 5, 1992.

Joseph A. Sullivan, Bloomfield, for appellant.

Brian W. Smith, Linton, for appellee.

ON PETITION TO TRANSFER

KRAHULIK, Justice.

Danny R. Grissom (Petitioner–Appellee below) seeks transfer after the Court of Appeals reversed the trial court and returned custody of his minor daughter, Megan, to the mother, Tina Eason (Respondent–Appellant below). *In Re the Matter of Megan Renee Grissom* (1991), Ind.App., 573 N.E.2d 440. We grant transfer to resolve a conflict in the opinions of the Court of Appeals on the issue of the standard applicable to changes of custody in paternity actions.

The facts are as follows. Megan was born on October 23, 1987. On January 20, 1988, the trial court granted the joint petition for determination of paternity in which Grissom admitted being the father. At that time, Grissom ("father") and Eason ("mother") were living together and no custody order was entered. After the parties ceased living together, an agreed order was entered on November 4, 1988. Father and mother were granted joint custody of the child; mother was granted physical custody and father was given visitation privileges and ordered to pay child support. On February 6, 1989, father filed a petition for custody in which he sought custody of Megan. Father alleged in his petition that, in violation of the custody order, mother had left Indiana with Megan and failed to notify him or the trial court. Temporary custody of Megan was granted to father, and he was instructed to notify the court when he located the child and to return her to Indiana. Father found mother and Megan at the home of Megan's maternal grandmother in Illinois. He returned with Megan to Indiana. Thereafter, a hearing took place on father's petition for custody. In awarding custody to father, the trial court entered findings of fact and conclusions of law to the effect that since the paternity order of January 1989, mother, without no-

tice, had changed her residence from North Dakota for one month, to Missouri until March 28, 1989, and then to the home of her mother in Illinois. Following special findings regarding the home environments available to the mother and father in which to care for Megan, the trial court concluded that "in the best interest of Megan," custody should be placed with father and that mother should have visitation of one week each month until Megan reached school age. Mother appealed. The Court of Appeals reversed the trial court and returned custody of Megan to mother after concluding that the trial court had applied an incorrect standard when it ordered the change of custody. Noting that "[i]t would appear at first blush that the standard for custody modifications arising out of paternity actions is different from the standard for those arising out of marriage dissolution actions," [1] the court proceeded to apply the dissolution standard which requires a "substantial change of circumstances." 573 N.E.2d at 443.

The differing standards for changes in custody were first noted in *Griffith v. Webb* (1984), Ind.App., 464 N.E.2d 384. In *Griffith*, Webb was adjudged to be the father of the child in a paternity action, and custody was granted to Griffith, the mother. Some five years later, custody of the child was changed to Webb. In appealing that change of custody, the mother argued that there was insufficient evidence to show a substantial change in circumstances sufficient to warrant a change of custody. The court, noting that the standard for change of custody in paternity actions was the "best interests of the child," but change of custody in dissolution actions required a "substantial and continuing change in circumstances," stated: "[a]lthough this Court is unclear as to the logic behind the Legislature's decision to provide differently for custody modifications aris-

---

1. The relevant statute pertaining to changes of custody in paternity actions is found in *Ind. Code* § 31–6–6.1–11(e), which provides: "The court may modify an order determining custody rights whenever modification would serve the best interests of the child." By contrast, the statute pertaining to changes of custody in dis- solution actions is found in *Ind.Code* § 31–1–11.5–22(d), and provides: "The court in determining said child custody, shall make a modification thereof only upon a showing of changed circumstances so substantial and continuing as to make the existing custody order unreasonable."

ing out of paternity actions than those arising out of marriage dissolution actions, it is clear that it was a deliberate effort." 464 N.E.2d at 385. The *Griffith* court suggested that the Legislature examine the discrepancy between the standards, but noted that the court did not have the power to effect any change in the wording of the statutes. Because the custody issue arose in a paternity action, the trial court's use of the "best interests" standard was affirmed.

Six years later, *Walker v. Chatfield* (1990), Ind.App., 553 N.E.2d 490, was decided. In *Walker,* custody of the child was originally determined in a 1981 paternity action. In 1988, after alleging that the child had been abandoned by the mother, custody was changed to the father. The mother appealed on the grounds that there was no showing of substantial and continuing changed circumstances in her home. The *Walker* court agreed and held that the *Griffith* court had applied the wrong standard. The court acknowledged that although "the paternity statute contains no codified requirement that the party petitioning for a change in custody must demonstrate a substantial change in circumstances, we know of no policy reason why the same standard should not be applied." 553 N.E.2d at 496. We disagree with the *Walker* court's opinion.

■ Courts do not interpret statutes which are clear and unambiguous on their face. *Superior Construction Co. v. Carr* (1990), Ind., 564 N.E.2d 281, 284. A statute which is clear and unambiguous must be given its apparent or obvious meaning. *Eads v. J & J Sales Corp.* (1971), 257 Ind. 485, 492, 275 N.E.2d 802, 806. These well-known rules of statutory construction do not support the conclusion of the Court of Appeals either in *Walker* or here. We are bound to construe and apply this statute in accordance with its plain meaning. Clearly, the statutes contain different standards: In paternity actions, *Ind.Code* § 31–6–6.1–11(a) provides that the best interests of the child is the sole consideration; in dissolution actions, *Ind.Code* § 31–1–11.5–22(d) provides that a change in circumstances must be shown. The majority opinion of

the Court of Appeals holds, however, that application of the statute according to its plain meaning may give rise to "serious constitutional problems." 573 N.E.2d at 443. Neither party presented any cogent argument on this issue and, therefore, we need not decide this question. We agree with Judge Staton's dissent, and do not perceive any constitutional problem with the statute as it is applied to the facts of this case. Under these circumstances, we are constrained to apply the statute as enacted by the Legislature.

Accordingly, we hold that on matters relating to change of custody in paternity actions, the standard to be applied is whether the modification would serve the best interests of the child.

### Application of Standard to This Case

■ Our review of the trial court's judgment is limited to determining whether there is a clear abuse of discretion demonstrated by the record. *Marshall v. Reeves* (1974), 262 Ind. 107, 112, 311 N.E.2d 807, 810, (supplemental opinion on unrelated issue) (1974) 262 Ind. 403, 316 N.E.2d 828. We do not weigh the evidence or judge the credibility of witnesses. *Brickley v. Brickley* (1965), 247 Ind. 201, 204, 210 N.E.2d 850, 852. We are required "only to determine if the record discloses evidence or reasonable inferences which would serve as a rational basis for the finding of the trial court." *Id.,* 262 Ind. at 113, 311 N.E.2d at 811. If there is any evidence or legitimate inference to be drawn therefrom to support the finding and judgment of the trial court, this Court will not intercede or interfere and exercise or use its judgment as a substitute for that of the trial court. *Mikels v. Mikels* (1967), 248 Ind. 585, 586, 228 N.E.2d 20, 21. This is so even if the evidence may have supported a conclusion other than the one reached by the trial court. *Marshall v. Reeves,* 262 Ind. at 116, 311 N.E.2d at 813.

Based upon our review of the record, we find substantial probative evidence to support the modification order.

*Conclusion*

Accordingly, we now grant transfer, vacate the opinion of the Court of Appeals, and affirm the trial court.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., dissents, without separate opinion.