**In re the Marriage of Donald HERRMANN, Jr., Appellant–Respondent,**

**v.**

**Lisa HERRMANN, Appellee–Petitioner.**

**No. 49A02–9108–CV–346.**

Court of Appeals of Indiana,
Second District.

May 18, 1993.

Rehearing Denied July 19, 1993.

---

David W. Stone IV, Anderson, Gale M. Phelps, Indianapolis, for appellant-respondent.

Casey D. Cloyd, Indianapolis, for appellee-petitioner.

SHIELDS, Judge.

Donald Herrmann appeals the trial court's denial of his petition to modify the custody of the two children from his marriage to Lisa Patterson (formerly, Lisa Herrmann).

We affirm.

## ISSUES

Herrmann raises issues for our review which we rephrase as: [1]

Did the trial court abuse its discretion when it found that there were no substantial and continuing changes in the circumstances of the parties which justify modifying the custody of the minor children?

## FACTS

On October 10, 1989, the Marion County Circuit Court dissolved the marriage of Herrmann and Patterson and awarded Patterson custody of the two children born to

---

1. In addition to the issue which is dispositive in this appeal, Herrmann argues that parents seeking a change of custody have an excessive burden of proof placed upon them which results in a disservice to the best interest of the children whose custody is at issue, and asks that we reevaluate this standard. However, as Patterson acknowledges, the reevaluation which Herrmann requests is the exclusive province of the legislature. In addition, this court recently has explained the rationale behind this standard:

    In an initial custody determination, the trial court presumes that both parents are equally entitled to custody. The initial custody determination is based on the trial court's determination of which parent would be better. However, a subsequent petition to modify custody is not a vehicle to relitigate the initial custody determination as to who might make the better parent. In a subsequent petition to modify custody, the noncustodial parent bears the burden of overcoming the custodial parent's right to continued custody and must make a showing of a change in the custodial home which is of a decisive, substantial, and continuing nature.... In any custody determination, the overlying concern of the court is with the best interests of the children involved; however, whenever one party seeks a modification of an existing custody determination, only a strict showing that the present arrangement is unreasonable will suffice to justify a change in custody because of the potentially disruptive influence upon the child or children.

    *Simons v. Simons* (1991), Ind.App., 566 N.E.2d 551, 554–55 (citations omitted).

the marriage, aged ten and six at that time. Herrmann was granted visitation with the children for four weeks each summer, and during Christmas and spring vacations in even numbered years. He was order to pay $122.50 per week toward the children's support and to maintain medical insurance for them. Patterson was given the federal and state tax exemption for the children if she was gainfully employed for each full calendar year. A 1990 nunc pro tunc order divided the uninsured medical, optical, dental, and pharmaceutical expenses equally between the parents.

At the time of the divorce, Herrmann, a career non-commissioned officer in the United States Army, had returned from a tour of duty in Korea and was living in an army barracks. After the divorce, Herrmann remarried and moved to a suburb of Augusta, Georgia; Patterson also remarried and moved from the former marital residence.

On November 5, 1990, Herrmann petitioned for a modification of custody of the children, alleging that a substantial and continuing change of circumstances made it unreasonable for the children to remain in Patterson's custody. He asked to have physical custody of the two children, or in the alternative to grant him extended summer visitation, relief from the obligation to pay all uninsured medical expenses,[2] support abatement when the children were with him, re-allocation of the income tax exemption, and sharing of transportation costs incurred during visitation.

An evidentiary hearing was held on March 20, 1991. On May 22, 1991, the trial court found there was no showing of a substantial and continuing change in circumstances justifying a change of custody. The trial court denied Herrmann's modification petition, with the exception of two additional weeks of summer visitation, and ordered all other provisions of the prior orders continued. Herrmann appeals.

## DISCUSSION

Herrmann argues that the trial court erred in finding that he failed to show a sufficient change in circumstances to justify a change in custody of his minor children. He also contends that even if the trial court properly decided the physical custody issue, it improperly denied his other modification requests, including support abatement when he had the children for visitation, the sharing of transportation costs incurred during visitation, and reallocation of the income tax exemption.

■ Custody modification is governed by IC 31-1-11.5-22(d) (1992 Supp.), which requires the trial court to find that a substantial and continuing change in circumstances has occurred which renders the original custody order unreasonable before a modification can be ordered. We review the Entry on Petition for Modification to determine whether the trial court abused its discretion in applying the applicable statutory guidelines. *Simons v. Simons* (1991), Ind.App., 566 N.E.2d 551, 554. An abuse exists if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* A modification of custody is warranted only when the noncustodial parent shows a decisive change of conditions in the custodial home or a change in the treatment of the children in the custodial home which necessitates removal. *Id.*

■ At the hearing, Herrmann testified extensively as to his claimed changed circumstances. Since the divorce, Herrmann has remarried and rented a townhouse in a suburb of Augusta, Georgia, with ample bedroom space for the children. He testified to the high quality of the neighborhood public schools and the opportunity for after-school and summer activities in the neighborhood and on the army base which the children could enjoy if they lived with him. However, a modification of custody is

---

**2.** Herrmann argues that the court abused its discretion when it refused to modify the divorce decree which made him responsible for *all* uninsured medical, optical, dental, and pharmaceutical expenses. However, Herrmann ignores the August 3, 1990, Order Nunc Pro Tunc which ordered that each party share equally all uninsured medical, optical, dental and pharmaceutical expenses. Thus, this argument is without merit.

typically based on changes of circumstances respecting the custodial parent, and improvements of the noncustodial parent's situation do not support a change of custody. *Pribush v. Roy* (1983), Ind.App., 456 N.E.2d 747, 750.

In regard to the custodial home, Herrmann characterized the neighborhood where the children's present school was located as "nasty," Record at 124, and stated that he felt the school did not meet the children's needs and that the younger child was repeating first grade and reading on a remedial level while the older child, who Herrmann believes is "near gifted academically," *id.*, was not being challenged academically. Patterson testified that the younger child was progressing in school at the time of the hearing and that she was in contact with the child's teacher as recently as a week before the hearing. She stated that she reads with the child and monitors his school work. In addition, in a letter to Herrmann, the younger child's teacher praised Patterson: "[h]er cooperation and support has helped to turn [the child] around. You can be sure [he] is getting the help he needs at home." Record at 195.

Herrmann complained that Patterson had not kept the children's vaccinations current and that he took them for medical and dental checkups when they visited him during their summer vacation. He stated that the younger child would need braces, that he had seen a speech therapist, and that Patterson had not responded when notified of the problems. Patterson said that she allowed Herrmann to provide the children's dental care and she had altered her plans to take them to the dentist after she discovered Herrmann had done so during the summer. She also testified that, although she did not have annual physicals performed, she sought medical attention for the children whenever they were sick.

Finally, Herrmann alleged the children used inappropriate racial epithets, exhibited an extensive knowledge of R-rated movies, and that they were allowed to ride in the back of Patterson's husband's pick-up truck without seatbelts. Although we are sensitive to Herrmann's parental concerns, the evidence, considered as a whole and most favorable to the judgment, *see Pribush*, 456 N.E.2d at 749, does not compel a finding of change in the children's custody such that the trial court abused its discretion in denying Herrmann's petition to modify custody.[3]

Herrmann also contends that even if the trial court properly decided the physical custody issue, it improperly denied his other modification requests, including support abatement when the children were with him, reallocation of the income tax exemption, and sharing of transportation costs incurred during visitation. A person who seeks a modification of child support bears the burden of proving a substantial change in circumstances. *Holman v. Holman* (1985), Ind.App., 472 N.E.2d 1279, 1286. Although Herrmann requested these modifications during the modification hearing and argues for them in his brief, he did not introduce evidence to demonstrate substantial changes relevant to his proposed modifications. Thus, the trial court correctly exercised its discretion to deny his requests.

Judgment affirmed.[4]

HOFFMAN, J., concurs.

---

3. Dr. John Ehrmann, a clinical psychologist who examined the parties, their spouses, and the children at Herrmann's request, determined that both parents satisfied the emotional needs of the children, although Herrmann was more affluent and could provide more opportunities for the children. Dr. Ehrmann found that the quality of interaction between the children and their parents and step-parents was positive. The children appeared affectionate to and accepting of their step-parents and appeared to be loved and cared for by both sets of parents.

This testimony also supports the decision of the trial court.

4. Contrary to Judge Buchanan's dissent, the trial court did not misunderstand and misapply the appropriate law by failing to "consider all of the parties' circumstances when determining whether a substantial change had occurred" in the context of the children's best interest. *Slip op.* at 16. Reading the trial court's volunteered statements as a whole, it is readily apparent that the trial court is well-aware of existing law and

BUCHANAN, Senior Judge, dissents, with separate dissenting opinion.

BUCHANAN, Senior Judge, dissenting.

I respectfully dissent. As I read the learned trial court's judgment, a legitimate concern is expressed as to the proper standard to apply in modification of custody cases. In pertinent part it provides:

"This Court, having heard the submitted evidence and arguments of counsel, having examined the papers and pleadings on file in this cause, having taken this matter under advisement and now being duly advised, finds that there has been no showing of a substantial and continuing change in circumstances such that the prior Orders of this Court relating to custody of the minor children are unreasonable. Accordingly, the Father's Petition for Modification of Child Custody should be denied. On the issue of modification of visitation, however, the Court finds the provisions of the Decree should be modified to provide that Father shall have six (6) weeks summer visitation each summer and that the other provisions of the prior orders of this Court shall remain in full force and effect.

This matter presents a most difficult issue for this Court. It is difficult because the law mandates this Court to maintain the status quo unless there has been a substantial and continuing change in the circumstances of the parties such that the prior orders of this Court are unreasonable. This is so even where, as here, the maintenance of the status quo may not be in the best interest of the children.

The Indiana General Assembly provided that the standard for a modification custodial decision shall be a substantial change; it was a limit upon the Courts' power of modification. This limit was imposed because stability is an important value in children's lives, and Courts should change custody only where there is clear and convincing evidence that such change is in the best interest of the children. The legislature was, in effect, providing a clear and convincing evidentiary standard for courts to follow.

Court decisions since the adoption of the substantial change test, however, have not so interpreted the test. Such decisions, culminating in *Simons v. Simons* (Ind.App.1991) 566 N.E.2d 551, focus on substantial change. If the noncustodial parent fails to 'make a showing of change in the custodial home which is of a decisive, substantial, and continuing nature,' no modification shall be ordered. *Id.* at 554.

It is the considered belief of this Court that court decisions focusing only on whether there has been a showing of substantial change, rather than on whether the existing order is unreasonable, have too narrowly construed the legislative standard. I.C. 31–1–11.5–22(d) provides:

'The court in determining said child custody, shall make a modification thereof only upon a showing of change of circumstances so substantial and continuing as to make the existing order unreasonable....' [emphasis added]

It is the belief of this Court that whenever a child custody arrangement is shown by clear and convincing evidence that it is no longer to be the best interests of the child, that such fact in itself constitutes a change in circumstances that make the prior orders unreasonable. To require trial courts to enter orders which

is merely expressing its frustration with what it feels is a judicial misinterpretation of the legislative standard expressed in IC 31–1–11.5–22(d). In the trial court's opinion, the proper interpretation is that a modification of custody is appropriate "whenever a child custody arrangement is shown by clear and convincing evidence that it is no longer to be [sic] the best interests of the child, [because] such fact in itself constitutes a change in circumstances that make the prior

orders unreasonable." Record at 23. In particular, in citing *Simons v. Simons* (1991), Ind. App., 566 N.E.2d 551, as an example of the judicial decisions which have misinterpreted the test, and in stating that "this Court is bound to apply the law as interpreted by the higher Courts of this State," Record at 23, the trial court makes it quite clear that it understands and is applying the existing law in denying the subject petition for modification.

are contrary to the best interests of children is, in this Court's opinion, unreasonable and not what the legislature intended.

Notwithstanding the foregoing discussion, however, this Court is bound to apply the law as interpreted by the higher Courts of this State. Those Courts have clearly and consistently held there should be no custodial modification unless there is a showing of substantial and continuing change in the circumstances of the custodial parent. There has been no such showing and, for such reason, the Court denies the Father's petition for modification."

*Record* at 21–23 (emphasis supplied).

The underlined language indicates to me that the trial court conscientiously attempted to apply the proper standard but concluded "that there should be no custodial modification unless there is a showing of substantial and continuing change in the circumstances of the custodial parent" and then goes on to say that because there has been no such showing the father's petition must be denied. Such a standard is a very limited one, and is the standard adopted by the majority, which the trial judge felt constrained to follow even though he implies the standard should be much broader. He says: "This is so [the application of the limited standard], even where, as here, the maintenance of the status quo may not be in the best interest of the children."

Thus the trial judge grounded his decision on the theory that case law prohibits custodial modification unless there is a showing of substantial and continuing change in the circumstances only as they relate to the *custodial* parent. In my humble opinion no such limitation exists.

Custody modification is governed by Ind. Code 31–1–11.5–22(d) (1992 Supp.), which requires a finding that a substantial and continuing change in circumstances has oc-

curred which renders the original custody order unreasonable, before a modification can be ordered. However, such a requirement is not equivalent to permitting a court to modify a custody order when it believes that clear and convincing evidence shows that the current custody order is no longer in the best interest of a child.[5]

The trial court correctly observes that one of the reasons for requiring a showing of a substantial and continuing change in circumstances before allowing a custody order to be modified is the importance of stability in children's lives. Another reason for requiring such a showing is to prevent a modification proceeding from becoming a vehicle for relitigating the initial custody determination. *Simons v. Simons* (1991), Ind.App., 566 N.E.2d 551. The rationale is to prevent a persistent noncustodial parent from filing numerous modification petitions hoping to be successful in another court.

The Supreme Court highlighted the distinction between a "best interests" requirement and an "unreasonable order" requirement in *Lamb v. Wenning* (1992), Ind., 600 N.E.2d 96. In *Lamb*, the Supreme Court determined that, when joint custody has been granted with one parent receiving primary physical custody, the non-custodial parent must demonstrate a substantial change in circumstances rendering the initial order unreasonable before a change in primary physical custody will be ordered. The Supreme Court emphasized that the modification requirement of showing a substantial change rendering an order unreasonable was more stringent than the "best interests" test.

That is not to say, however, that a trial court's belief as to the best interest of a child has no place in a modification decision. The guiding principle in custody determinations is the best interest of the child. *Thompson v. Thompson* (1990), Ind.

5. Our Supreme Court recently discussed the difference in the standards for custody modifications in paternity actions and dissolution actions. *In re Matter of Grissom* (1992), Ind., 587 N.E.2d 114. The legislature provided that in paternity actions, a trial court may modify a custody order if modification would serve the best interest of the child. Ind.Code 31–6–6.1–11(e) (1988). The Supreme Court determined that the legislature had intentionally enacted different standards for paternity and dissolution proceedings and that the legislature's choice would be enforced. *Grissom, supra.*

App., 550 N.E.2d 1332; *In re Marriage of Davis* (1982), Ind.App., 441 N.E.2d 719. "A party petitioning for modification of a dissolution decree must show that such substantial change has occurred that *it is no longer in the best interest of the child to maintain the status quo.*" *Bays v. Bays* (1986), Ind.App., 489 N.E.2d 555, 560, *trans. denied* (emphasis supplied). *See also Davis, supra.* It is perhaps more accurate to say that the best interests of the child is not the *only* consideration to be made in the modification decision.

Our Supreme Court has discussed the factors to be considered by the trial court when determining whether a substantial change in circumstances has taken place. In *Marshall v. Reeves* (1974), 262 Ind. 107, 311 N.E.2d 807, *supplemented on other grounds* 262 Ind. 403, 316 N.E.2d 828, the Supreme Court agreed that factors such as the removal of a child from the jurisdiction of the court and disobedience of court orders were not in themselves sufficient to warrant a change in custody, but concluded: "Such factors are not necessarily determinative of the best interests and welfare of a child; however, *such factors, in conjunction with other facts, may be conclusive of a change of circumstances concerning not only the fitness of the party, but also the best interests and welfare of the child.*" *Id.* at 117, 311 N.E.2d at 813 (emphasis supplied).

In *Poret v. Martin* (1982), Ind., 434 N.E.2d 885, the Supreme Court significantly emphasized the need to consider *all* circumstances:

> "Although a change in a custody order must be necessitated by a substantial change in conditions since the order was made, it does not follow that there must be such a change that it compels the change in and of itself. *The change, if its effect upon the child is to be properly assessed, must be judged in the context of the whole environment.* It is, after all, the effect upon the child that renders the change substantial or inconsequential; and a change that might be regarded as slight or inconsequential in one case might be catastrophic in another. The trial judge, therefore, must con-

sider *all circumstances,* including those *previously weighed,* in order to determine, *in context,* the substance of the change giving rise to the review."

*Id.* at 888 (emphasis supplied). The Supreme Court concluded: "Whether or not any given change is substantial must be determined in the context of the surrounding circumstances. If, in context it is likely to beget a consequential end result, it must be deemed to be substantial." *Id.* at 890.

The Supreme Court has again recently emphasized the importance of considering *all* circumstances when determining whether a substantial change has occurred:

> "To determine that an existing custody order is 'unreasonable,' a trial court is not required to find that the present custodian is unfit or that the existing order is harmful to the welfare of the child. This determination may include *all relevant factors,* including changes in circumstances of *both* the custodial and noncustodial parents and the resulting *and potential* advantages and disadvantages to the child. The change in conditions must be judged in the context of the whole environment."

*Lamb, supra* at 99 (emphasis supplied).

The trial court here concluded that it could not modify the custody decree unless there was "a showing of substantial and continuing change in the *circumstances of the custodial parent.*" Judgment, *record* at 23. However, as the Supreme Court concluded in *Poret,* the trial court is to consider *"all* circumstances, *including* those previously weighed" when determining the substantiality of a change in circumstances. *Poret, supra* at 888 (emphasis supplied). While other published opinions from this court might focus on issues relating to changes in the custodial parent's circumstances, the vitality of the Supreme Court's pronouncement is undiminished. *See Lamb, supra.*

Indiana courts have previously observed that changes in the noncustodial parent's circumstances, though not conclusive, are appropriate factors to consider in modification proceedings. *See Marshall, supra; Bingaman v. Bingaman* (1991), Ind.App.,

580 N.E.2d 699, *trans. denied; Davis, supra.* Other factors, such as the custodial parent's relocation and the children's medical and educational needs, are also properly considered. *See Marshall, supra; Rice v. Rice* (1984), Ind.App., 460 N.E.2d 1228; *Davis, supra.* The trial court is to consider all circumstances together to determine whether, in context, a substantial and continuing change in circumstances has occurred such that the original order is unreasonable. *Lamb, supra; Poret, supra.*

The trial court's judgment, as previously indicated, suggests that it did not consider all of the parties' circumstances when determining whether a substantial change had occurred, even though it cited *Simons,* a Court of Appeals case. The majority infers that the trial court applied the correct standard because it cited *Simons* in the order. I would rely on the Supreme Court's opinion in *Lamb* which refers to "all relevant factors" and concluded:

> "The trial court's order in this case contains just a fragmentary reference suggesting it applied the change of custody standard outlined above. The court's oral declaration from the bench detracts from this suggestion rather than supports it. Unable to say with confidence which standard was applied, we remand to the trial court for evaluation of the evidence according to the change in custody standard and for entry of adequate findings."

*Lamb, supra* at 99.

The language of the judgment does leave some doubt as to the exact basis for the judgment. So, because of this apparent ambiguity, I would remand this case to afford the trial court the opportunity to consider the appropriate factors when exercising its discretion. *See also In re Marriage of Dillman* (1985), Ind.App., 478 N.E.2d 86; *In re Marriage of Osborne* (1977), 174 Ind.App. 599, 369 N.E.2d 653, *trans. denied; In re Marriage of Miles* (1977), 173 Ind.App. 5, 362 N.E.2d 171, *trans. denied.*